**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DALE G. ROBINSON,**

    **Plaintiff,**

    v.                                   **Case No. 2:09-CV-682
JUDGE FROST
MAGISTRATE JUDGE KING**

**MS. JEWELL,** *et al.,*

    **Defendants.**

**REPORT AND RECOMMENDATION**

Plaintiff, formerly a state prisoner,[1] brings this action pursuant to 42 U.S.C. § 1983 alleging that, while he was incarcerated at the Ross Correctional Institution ["RCI"], he was denied medical care for his diabetes and was denied due process in connection with a disciplinary matter caused by his untreated medical condition. This matter is now before the Court on defendants' *Motion for Summary Judgment*, Doc. No. 30. Although plaintiff was provided an opportunity to respond to the motion, *see Order,* Doc. No. 31, plaintiff has not responded to the motion.

Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact. Rule 56, F.R. Civ. Pro. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251. *See also Celotex Corp. v. Catrett*, 477 U.S. 317

---

[1] Since the filing of the *Complaint,* plaintiff has apparently been released from confinement. *Notice of Change of Address by Plaintiff*, Doc. No. 29.

(1986).

The *Complaint* alleges that plaintiff is an insulin-dependant diabetic.  On October 20, 2007, plaintiff was involved in an altercation with prison personnel, an event that he alleges was caused by his low blood sugar.  At his Rules Infraction Board hearing, plaintiff complains, defendant Jewell, a prison nurse, falsely testified that she did not have to treat plaintiff for low blood sugar.  Named as defendants are Nurse Jewell, Mrs. Harris, the Medical Director, Mrs. Upchurch, the Deputy Warden, Bobby Whitten, Institutional Inspector, the Warden of RCI, and Linda C. Coval, Deputy Chief Inspector for the Ohio Department of Rehabilitation and Correction.

The *Complaint* does not allege that any defendant except defendant Jewell participated in the acts about which plaintiff complains.  A state official may not be held liable under 42 U.S.C. §1983 for the alleged misconduct of another unless "the plaintiff demonstrates that 'the [official] encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Combs v. Wilkinson*, 315 F.3f 548, 554 (6th Cir. 2002) quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "'At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Id.*, quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982).  Liability on the part of a supervisor must be based on "active unconstitutional behavior."  *Id.*, citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999).  Because plaintiff does not allege that defendants Harris, Upchurch, Whitten, the RCI Warden and Coval participated in the acts about which plaintiff complains, these defendants are entitled to summary judgment.

As it relates to defendant Jewell, the *Complaint* alleges in conclusory fashion that

plaintiff was denied medical care.  The *Complaint* also alleges, however, that defendant Jewell treated plaintiff's low blood sugar.  A claim of failure to provide adequate medical treatment requires a showing that the defendant acted with deliberate indifference to a serious medical need of the inmate.  *Estelle v. Gamble,* 429 U.S. 97, 104 (1976) .  The *Complaint* contains no such allegation.  As to this claim, then, defendant Jewell is entitled to summary judgment.

Finally, plaintiff complains that he was denied due process in connection with his disciplinary hearing.  As an initial matter, it is not at all clear how defendant Jewell was responsible for conducting plaintiff's disciplinary proceeding.  In any event, however, the Court notes that most prison disciplinary proceedings do not implicate the Due Process Clause of the Fourteenth Amendment.  *Sandin v. Conner*, 515 U.S. 472 (1995).  Where applicable, the procedural due process rights to which a prisoner may be entitled include advance written notice of the charge, a written statement of the evidence relied on and the reasons for the disciplinary action and the qualified right to call witnesses and to present evidence in the prisoner's defense.  *Wolff v. McDonnell*,  418 U.S. 539, 563-69 (1974).  Moreover, there must be some evidence supporting the decision.  *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 455-56(1985).  Assuming, without deciding, that plaintiff was entitled to due process in connection with his disciplinary proceedings, the exhibits attached to the defendants' motion, *Exhibit A*, Bates Nos. 000028 - 000035, confirm that the standards of procedural due process were met.  As to this claim, defendant Jewell is entitled to summary judgment.

It is therefore **RECOMMENDED** that defendants' *Motion for Summary Judgment*, Doc. No. 30, be **GRANTED**.

If any party seeks review by the District Judge of this *Report and Recommendation,* that

party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

October 13, 2010                                                             *s/Norah McCann King*
 (Date)                                                                              Norah M<sup>c</sup>Cann King
                                                                                           United States Magistrate Judge